# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
**Urbana Division**

| | |
|---|---|
| ESTELLA ENGLEHARDT, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Case No. 07-2124 |
| HOUSING AUTHORITY OF ) | |
| CHAMPAIGN COUNTY, ) | |
| ) | |
| Defendant. ) | |

# ORDER

**IT IS ORDERED HEREIN AS FOLLOWS:**

1. That this matter be, and hereby is, scheduled for a Rule 16 Scheduling Conference by **personal appearance** before U.S. Magistrate Judge David G. Bernthal on ***August 29, 2007, at 1:30 p.m.,*** Courtroom C, U.S. Courthouse, 201 South Vine Street, **Urbana**, Illinois.

2. ***Primary trial counsel for each party shall attend*** and be prepared to discuss all issues listed in Fed. R. Civ. P. Rule 16 and 26.

3. Attorneys shall timely comply with Fed. R. Civ. P. 26(a)(1). A certificate of compliance should be filed, but the <u>disclosures are NOT to be filed</u>. [CDIL-LR 26.3 (A)].

4. A meeting pursuant to Fed. R. Civ. P. Rule 26(f) shall occur at least twenty-one (21) days before the scheduling conference is held. The parties shall fully comply with the requirements of Rule 26(f).

5. The parties shall develop a proposed discovery plan[1] which shall be submitted to the Court not less than fourteen (14) days prior to the Scheduling Conference. If applicable, the plan shall include provisions for disclosure or discovery of electronically stored information and/or any agreements the parties reach for asserting claims of privilege or of protection as trial preparation material after production. Failure to timely submit a discovery plan may result in the cancellation of the discovery conference and assessment of costs.

---

[1] A sample proposed discovery plan can be found at this Court's website - www.ilcd.uscourts.gov/localrules.

6.  Attorneys are advised that **requests for conversion** of the hearing to telephone conference are considered only where the parties have complied with this Order (see attached Memorandum).

ENTER this 19th day of July, 2007

                                                s/ DAVID G. BERNTHAL
                                                U.S. MAGISTRATE JUDGE



CHAMBERS OF
**MICHAEL P. MCCUSKEY**
CHIEF U.S. DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
318 U.S. COURTHOUSE
201 SOUTH VINE STREET
URBANA, ILLINOIS 61802

TELEPHONE  217-373-5837
FACSIMILE  217-373-5855

**Dear Counsel:**

Enclosed please find the following documents in regard to your upcoming Rule 16 scheduling conference:

1. Order setting the Rule 16 scheduling conference;

2. Memo outlining the particulars of the Rule 16 scheduling conference;

3. General Rules for the Conduct of Counsel submitted by the Court;

4. Order Adopting Rule 40.01;

5. Information on the Court's website;

6. Memo regarding the Evidence Presentation Equipment available in Courtroom A;

7. Consent form for use in assigning case to U.S. Magistrate Judge David G. Bernthal as explained in Section IV of Memo.

**Please read all items thoroughly as recent changes have been made**.


s/ David G. Bernthal
DAVID G. BERNTHAL
U. S. MAGISTRATE JUDGE

s/ Michael P. McCuskey
MICHAEL P. McCUSKEY
CHIEF U. S. DISTRICT JUDGE



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

# M E M O R A N D U M

**TO:** Counsel in Pending Cases

**FROM:** Michael P. McCuskey
Chief U.S. District Judge

David G. Bernthal
U.S. Magistrate Judge

**RE:** <u>**RULE 16 CONFERENCES**</u>

**I.    Introduction**

     Rule 16 conferences in the Urbana Division in the Central District of Illinois are a critical component of the court's case management system. It is the intention of the court to make the Rule 16 conference a meaningful undertaking with an eye toward accomplishing the goals set forth in FRCP 16(a). This memo is intended to acquaint counsel with the matters typically discussed at a Rule 16 conference. The ranking of the subjects that follow is purely random.

**II.    Case Discussion**

    A.    Counsel should be prepared to engage in a frank discussion of the case. The Court will be familiar with the pleadings but will likely be interested in knowing more about the details. The Court will likely want to discuss the issues raised by the complaint, as well as matters included in affirmative defenses which have been raised. Any such discussion shall be undertaken pursuant to FRCP 16(c) which counsel are advised to review prior to the conference.

    B.    The Court will schedule cases for Rule 16 conference even when there are pending motions. If possible, the motions will be resolved prior to the conference. However, in many instances, it will not be possible to resolve all motions prior to the conference. Nevertheless, the conference will proceed. The Court will not guarantee that oral argument on any pending motion will be allowed. (*See* VII(D) below). However, counsel should be prepared to answer questions the Court may have regarding any outstanding motion(s).

**III.   Discovery Calendar**

   A.   Pursuant to the order setting the case for a Rule 16 conference, the parties are to have submitted a proposed discovery plan prior to the Rule 16 conference. As a general rule, the Court attempts to put each case on one of the three tracks.

   1.   Uncomplicated cases should have a calendar which would allow for **trial within one year** of the Rule 16 conference.

   2.   Most cases will have a calendar designed for completion **approximately 18 months** following a Rule 16 conference.

   3.   Cases that are exceptionally complex or involve logistical problems such as the need to take depositions internationally will be allowed a **24 month calendar**.

   B.   The Court will consider the proposed calendar submitted by counsel and make any changes necessary to conform the calendar to the track selected. In so doing the Court intends to be flexible in order to allow a reasonable time for completion of discovery. Subsequent requests for extension (even if by agreement) will be granted only under exceptional circumstances.

   C.   In addition to the dates governing discovery, the Court will assign a final pretrial and trial date. Counsel should anticipate a trial date approximately four months after the deadline for filing case dispositive motions. Unless the parties consent to trial by the magistrate judge prior to or at the Rule 16 conference, the trial will be scheduled before Chief Judge McCuskey. In the event of a consent, the trial will be placed on the calendar of Judge Bernthal.

   D.   Following the Rule 16 conference, a written scheduling order will be entered.

**IV.   Consent**

   A.   Both judges encourage consent to the magistrate judge. Chief Judge McCuskey has a substantial criminal caseload which effects his ability to schedule civil cases. Because criminal cases take priority, it is possible that a civil case can be preempted by a last minute criminal setting in a case where the Court must afford a defendant the right to speedy trial. Chief Judge McCuskey takes no offense if the parties wish to consent and Judge Bernthal takes no offense if they do not do so. Presently Chief Judge McCuskey schedules up to five civil cases per civil setting. Accordingly, not everyone receives a "No. 1 setting." Judge Bernthal customarily sets only one trial at a time although in some situations, he has scheduled two.

   B.   The parties are cautioned to make the consent decision early in the proceedings. The Court will view a consent tendered a few months before trial as an effort to obtain a continuance. Those consents will be ignored and no order of reference entered.

V. **Alternative Dispute Resolution**

    A. The parties are reminded that they must consider some form of alternative dispute resolution. Currently, the Court offers three mechanisms.

        1. The parties may request a judge-hosted **settlement conference**. A judge other than the assigned trial judge will be designated to host the settlement conference. Thus, in cases assigned to Chief Judge McCuskey, Judge Bernthal and occasionally Judge Baker will host settlement conferences. In consent cases assigned to Judge Bernthal, Chief Judge McCuskey and occasionally Judge Baker will host settlement conferences.

        2. The Court will also offer a **summary jury trial or a summary bench trial**. These proceedings result in an advisory verdict designed to help counsel assess the value of the case.

            a. The **summary jury trial** is a one-day proceeding involving no live witnesses. The attorneys are allowed an opportunity to tell the trier of fact what their evidence would be. Then they are allowed time to make a final argument. In a jury proceeding, the Court instructs the jury, which then retires for a fixed deliberation period. If the jury reaches a consensus, they return and report the verdict. If they are unable to reach a consensus, they return having filled out individual forms of verdict. Unless the parties stipulate to be bound by the verdict, this verdict is advisory only and does not become part of the court record.

            b. The **summary bench trial** is essentially the same without the jury participation.

    B. At the Rule 16 conference, the parties should be prepared to summarize their settlement discussions to date. The Court will want to know if the Plaintiff has made a demand and if there has been any response. Counsel should also be prepared to discuss the alternative dispute mechanism which they feel would be most appropriate for their case.

VI. **Compliance With Scheduling Order**

    A. The Court regularly receives requests to convert the Rule 16 conference from personal appearance to telephonic conference.

        1. If the parties have complied with the Court's order setting the scheduling conference by submitting their proposed discovery plan to the Court ten days prior to the scheduled conference, the Court will consider granting a request to conversion to telephone conference.

2. For those who fail to submit proposed plans prior to the hearing, requests for conversion to telephone conference will be denied.

3. In those rare instances where counsel appear for the Rule 16 conference without a plan, the Court will either continue the matter to a new date or allow counsel a conference room in which to meet and prepare their plan. The Court will resume the case when the Court's schedule allows. This may result in counsel waiting several hours before the Rule 16 conference resumes in open court.

**VII.    Miscellaneous Information**

A. All Rule 16 scheduling in the Urbana Division is done by:

Teresa Cronk, Judicial Assistant to Judge Bernthal, can be contacted at:
 Phone:  217/373-5839 & Fax:  217/373-5840.

B. The Court does not typically schedule oral argument on motions. Motions are taken under advisement and ruled upon by the Court without oral argument. Any attorney desiring oral argument should make a request in writing as part of the motion or response. If the Court deems oral argument appropriate, the Court will schedule the matter for argument. However, counsel are advised that such requests are rarely granted.

*F:\CMECF\CV\4\estella englehardt.07-2124.dc.wpd*



**UNITED STATES DISTRICT COURT**

CHAMBERS OF
MICHAEL P. MCCUSKEY
CHIEF DISTRICT JUDGE

CENTRAL DISTRICT OF ILLINOIS
U.S. COURTHOUSE
201 SOUTH VINE STREET
URBANA, ILLINOIS 61802

TELEPHONE 217-373-5837
FACSIMILE 217-373-5855

I.  **GENERAL RULES FOR THE CONDUCT OF COUNSEL IN THE COURTROOM AND DURING TRIAL**

   I.  Only counsel and parties are to be seated at counsel table. Also, only members of the bar are to be seated inside the rail and in the well of the Court, unless the Court specifically authorizes otherwise.

   II. Counsel will refer to court officials by their titles and not by their first of last names (i.e., "The Clerk", "The Court Reporter", "The Marshal", etc.). Counsel are also asked to refer to each other as "Mr.", "Miss", or "Mrs.", rather than by their first names.

   III. In jury trials, as a general rule, Court will convene at 9:00 a.m., take a mid-morning recess, break for lunch from Noon to 1:00 p.m., take a mid-afternoon recess, and adjourn for the evening at 4:30 p.m.

   IV. Counsel are requested to either go across to the attorney/witness room themselves to call a witness, or to arrange for an associate to do so. The Marshals and Court Security Officers (CSOs) are in the courtroom for security purposes only and are instructed not to engage in any activity other than security protection for the Court, the jury, counsel, and the attending of juries.

   V.  No food or drink will be permitted in the courtroom <u>at any time</u>, other than the water on counsel tables. Also, newspapers are not to be read in the courtroom.

   VI. No electronic devices which beep, ring, buzz, or whistle (<u>e.g.</u>, cellular phones, alarm clocks, pagers) are to be used in the courtroom.

   VII. Counsel must not waste jurors' time. Consequently, counsel should:

   1. arrive in the courtroom on time for all scheduled court appearances;

   2. raise anticipated legal arguments regarding evidence, witnesses, etc., at the beginning of the day <u>prior</u> to the scheduled arrival of the jury, after the jury has been relieved for a break, or <u>after</u> the jury has been relieved for the day;
   3. request side-bars only when absolutely necessary; and
   4. <u>be well prepared</u>. Dispositive motions should have a memorandum of law attached. All cases cited to the Court must include a copy of the case.

VIII. Counsel must address themselves only to the Court except during opening statements, closing arguments, and examination of witnesses. Consequently, counsel should address the Court and:

1. not address comments to opposing counsel;
2. not ask jurors questions (i.e., "Can you see this exhibit?");
3. not address comments to the court reporter (i.e., "Read that back");
4. not address comments to the Clerk of the Court; and
5. not instruct witnesses but rather request that the Court give the instruction.

IX. Counsel must stand when addressing either the Court or the jury and use the podium when examining witnesses or during opening statements and closing arguments so that the court reporter can accurately transcribe the proceedings. Also, counsel and the parties must stand when the jury enters and exits the courtroom.

## II. INSTRUCTIONS CONCERNING JURY SELECTION

The following is a description of the struck panel method by which the jury will be selected in proceedings before Chief Judge McCuskey. There are many variations on this basic technique, and it is important that counsel understand exactly what procedure will be followed. The procedure requires counsel to take more careful notes and to observe more panelists than under the traditional jury selection method.

Chief Judge McCuskey will conduct a voir dire of a number of panelists computed by totaling the following: the number of jurors to be selected, the number of alternates to be selected in a criminal case (generally 2), and the number of peremptory challenges. Thus, in a single defendant criminal case in which the defendant has 10 and the Government 6 peremptory challenges, plus 1 challenge each with respect to alternates, Chief Judge McCuskey will voir dire 32 panelists.

In a civil case in which each side has 3 peremptories, Chief Judge McCuskey will voir dire 18 panelists for a 12- person jury.

After Chief Judge McCuskey has voir dired the panel, the attorneys will approach the bench or retire to Chambers, as the Judge directs. The first order of business will be to determine whether there are any challenges for cause. If there are any challenges for cause, the removed panelists will be replaced by inserting new panelists from the venire in their slots so that there is a full panel before any peremptory challenges are exercised. Chief Judge McCuskey will then complete the voir dire of panelists added as a result of challenges for cause, if any.

The exercise of peremptory challenges will follow next, while the jury is outside the courtroom. Counsel will exercise a challenge by indicating the name of the juror challenged. Counsel will alternate in exercising challenges, with Plaintiff having the first challenge.

In civil cases, this process will be repeated two more times until all three peremptories are exhausted.

In criminal cases, the number of challenges is different, and the jurors are excused only after all challenges have been exercised. In a single defendant criminal case, the defendant exercises 2 challenges and the Government 1 challenge for four rounds, then each side exercises 1 challenge for two rounds, making a total of 10 and 6. In each round, the Government will exercise its challenges first.

Note that a party may waive its right to challenge but may not reserve its challenge. Counsel may not say, "Well, we will pass this time and take 2 the next time." Also note that challenges may be made to any of the panelists regardless of where that panelist appears in the array.

When each side has exhausted its peremptory challenges, the first 12 names unchallenged constitute the jury in a criminal case.

After the 12-person jury is selected in a criminal case, each side has 1 additional challenge which is exercisable only with respect to the alternates, who are selected from the remaining unchallenged panelists after the jury has been selected. These final two challenges will occur once the other peremptory challenges have been exercised.

### III. CONDUCT TOWARD THE JURY

A. Counsel may not, under any circumstances, communicate with a juror during the pendency of a trial and may do so after the conclusion of the trial only with prior permission from the Court.

B. The Court will conduct voir dire examination. If counsel has particular, non-routine questions which they would like the Court to ask, those questions should be presented to the Court in writing at the final pre-trial conference.

### IV. EXAMINATION OF WITNESSES

A. As previously stated, counsel should not instruct witnesses, but instead request the Court for an instruction.

B. Counsel should not ask a witness to leave the witness box, but instead request that the Court grant the witness the right to leave the box at the conclusion of the testimony or for demonstrative reasons.

C. When more than one attorney represents one party, only one attorney may question each witness, and only the questioning attorney may object to opposing counsel's questions of that witness.

D. Counsel should ask leave to approach a witness with an exhibit the first time, and need not repeat the request for that witness thereafter.

E. Counsel should not obstruct any juror's view of the witness with their person or an exhibit.

F. Counsel should be mindful of the court reporter and not speak too quickly or begin a new question prior to a witnesses' completion of the answer to the previous question.

    G.    When counsel has completed the examination of a witness, counsel should not address themselves to opposing counsel (i.e., "Your witness"), but instead address themselves to the Court (i.e., "Those are my questions," "I have no further questions," or "Thank you, Mr. Witness").

## V. OBJECTIONS

    A.    Counsel should attempt to limit their courtroom objections by motions in limine which should be in writing and filed before the final pretrial. The Court will not consider motions filed after the final pretrial conference. The Court will deem such motions as untimely.

    B.    Counsel should stand when making an objection. District rules require counsel to stand whenever addressing the Court.

    C.    Counsel should very briefly state the grounds for an objection at the time the objection is made (i.e., "Objection. Argumentative.").

    D.    If counsel wishes to argue an objection or make a record, they should not do so in front of the jury, but instead must request a side-bar. All side bars should be kept to a minimum and the Court frowns on requests to have the jury frequently taken from the courtroom. The Court encourages counsel to anticipate evidentiary problems and handle as many objections as possible prior to trial or at the beginning of the morning or afternoon before the jury enters the courtroom.

    E.    Once an objection is made, before proceeding to another question, the questioner should either wait for a ruling or ask to withdraw the pending question. The questioner <u>should not</u> respond to the objection unless asked by the Court to do so.

## VI. EXHIBITS

    A.    Pursuant to District rules, always pre-mark your exhibits and exchange them with opposing counsel.

    B.    Each item, including pages, in a group exhibit must be marked.

    C.    Always show exhibits to opposing counsel before showing them to a witness.

    D.    If counsel wishes an exhibit to be published to the jury, they should ask for the Court's permission. If allowed, the Court will instruct the Court Security Officer to pass the exhibits to the jury or the Court may allow them to be published on the Elmo. Exhibits may not be published before they are admitted into evidence. There should not be questioning of a witness while the exhibit is published.

    E.    Disputes over the admissibility of exhibits must be raised outside the presence of the jury, preferably in a motion in limine.

**VII.  JURY INSTRUCTIONS**

    A.    Proposed jury instructions must be e-filed with the Court prior to the final pre-trial conference.

    B.    Jury instructions should be double-spaced. Multi-page instructions must be stapled, with page numbers. Pattern jury instructions must be used in criminal cases. Non-pattern instructions are discouraged in criminal cases unless necessity compels their usage.

**VIII.  CONDUCT DURING JURY DELIBERATION**

    A.    Counsel should furnish the Clerk of the Court with a telephone, cellular phone, or pager number where they can be reached when the jury indicates that it has reached a verdict or when the jurors have a question that needs a response from the Court.

    B.    Counsel should be able to arrive in the courtroom upon receiving a call within no more than fifteen minutes after being contacted by the Court.

    C.    **REMEMBER, counsel may not question jurors after a verdict has been reached without prior approval from the Court.**

*Revised March 2005*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

## ORDER ADOPTING RULE

The judges of this court, having provided public notice of the revision to Local Rule 40.1, and having solicited and considered public comment, hereby adopts the following revision to Local Rule 40.1 for the Central District of Illinois.

This Rule shall be effective on January 1, 2002.

ENTERED this 22nd day of October, 2001.

**s/ Joe Billy McDade**
JOE BILLY McDADE
UNITED STATES DISTRICT JUDGE

**s/ Michael M. Mihm**
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
UNITED STATES DISTRICT JUDGE

**s/ Jeanne E. Scott**
JEANNE E. SCOTT
UNITED STATES DISTRICT JUDGE

RULE 40.1     ASSIGNMENT OF CASES AND PLACE OF FILING

    I.    PEORIA

All complaints and subsequent filings in cases which arise from the following counties: Bureau, Fulton, Hancock, Knox. Livingston, Marshall, McDonough, McLean, Peoria, Putnam, Stark, Tazewell, and Woodford, will be filed at PEORIA, ILLINOIS, and heard by the judges of this court regularly sitting at PEORIA, ILLINOIS.

    II.    SPRINGFIELD

All complaints and subsequent filings in cases which arise from the following counties: Adams, Brown, Cass, Christian, DeWitt, Greene, Logan, Macoupin, Mason, Menard, Montgomery, Morgan, Pike, Sangamon, Schuyler, Scott and Shelby will be filed at SPRINGFIELD, ILLINOIS, and heard by the judges of this court regularly sitting at SPRINGFIELD, ILLINOIS.

    III.    ROCK ISLAND

All complaints and subsequent filings in cases which arise from the following counties: Henderson, Henry, Mercer, Rock Island, and Warren will be filed at ROCK ISLAND, ILLINOIS, and heard by the judges of this court regularly sitting at ROCK ISLAND, ILLINOIS.

    IV.    URBANA

All complaints and subsequent filings in cases which arise from the following counties: Champaign, Coles, Douglas, Edgar, Ford, Iroquois, Kankakee, Macon, Moultrie, Piatt, and Vermilion will be filed at URBANA, ILLINOIS, and heard by the judges of this court regularly sitting at URBANA, ILLINOIS.

    V.    All complaints and subsequent filings in cases filed in the Central District of Illinois shall identify in the caption of such pleading or document, the division in which the case is pending.

    VI.    As part of the statement of jurisdiction, the initial pleadings in each case shall state the basis for filing in the division selected.

# The United States District Court for the Central District of Illinois

# www.ilcd.uscourts.gov

# NOTICE
# To Attorneys, Jurors, Witnesses, and Court Visitors

**This Court has a site on the Internet World Wide Web. On this site, you will find**

- Local Rules and Selected Court Forms, including Attorney Admission Forms
- Juror Information
- Maps to the Courthouses in all divisions
- Selected Orders and Opinions of the Court
- Link to other Law- and Court-Related Web Sites
- Chambers and Clerk's Office Staff Directories

# United States District Court
### Central District of Illinois

## Evidence Presentation Equipment

The United States District Court for the Central District of Illinois is proud to offer evidence presentation equipment in the courtroom of Judge Michael P. McCuskey.

A **Document Camera** enables counsel to present evidence via video monitors and a projection screen. Evidence can be in any medium (e.g. documents, pictures, negatives, x-rays. and 3-D objects). A small video screen is available to preview items before they are presented before the Court.

**Video Monitors** are located at the bench, clerk's station, witness box, lectern, and attorney tables. Judge McCuskey's monitor, the witness monitor and the lectern monitor are equipped with touchscreen technology. These touchscreen video monitors enable the witness and counsel to draw and point on the video monitor for any evidenceor document that is displayed through the system. The image of the document or other exhibit can be marked with no changes to the original. There is a thirty-eight inch video monitor next to the jury box for jurors who have difficulty viewing details on the projection screen. The gallery monitor can be placed at the other corner of the jury box for exhibits that require the jury to view small details that cannot be viewed on the projection screen.

A **Video Cassette Recorder** allows playback of evidence through the video monitors. The VCR contains a search feature that allows the operator to slowly advance an image. Counsel or a witness may use a touchscreen monitor to annotate a frame of the tape.

A **Color Video Printer** is available for counsel to print an image of a piece of evidence as it has been displayed through the system. Annotations are printed on the image as well. The printer enables counsel to preserve any document or piece of evidence for the record. There is a charge to counsel for this service.

**Computer Inputs** are available if counsel chooses to use a computer to present evidence or make slide presentations. Counsel must provide his or her own computer and software, but any standard system can be plugged into the audio/video display. A 26-point font is highly recommended, as smaller fonts are extremely difficult to read. Computer inputs are available at each counsel table, and at the lectern. Each computer input has an **audio input** if counsel wants to use a computer with a sound card to present a recording as evidence through the sound system.

The Court strongly recommends that counsel test their systems in the courtroom before use in open court. Demonstrations and testing times are available by contacting the Clerk's Office at 217-373-5830 to make an appointment with one of Chief Judge McCuskey's courtroom deputies. If you plan to use a laptop for presentation of sound, or a VCR surveillance videotape, it is suggested that you schedule time before the hearing to test this with the system. These two media have proven that different recording processes produce different results on our system. Adjustments might need to be made to accommodate certain media.

The Clerk's Office has a scanner station available for use by the public. This workstation includes Word, WordPerfect, Excel, Adobe Acrobat, and Textbridge. Textbridge is a program that scans a hard copy of a document, and then sends it to Word or WordPerfect for editing. The workstation also includes a Zip drive and CD writer. The Clerk's office does not provide Zip disks or CD-ROMs. Please note that CD-ROMs must be blank CD-Rs, specifically made for burning a CD. Regular CD's cannot be used to save information.



# United States District Court
## Central District of Illinois
### Office of the Clerk
**218 U.S. COURTHOUSE**
**201 S. VINE STREET**
**URBANA, ILLINOIS 61802**

**JOHN M. WATERS**
**Clerk of Court**

**TEL:** 217-373--5830
**FAX:** 217-373--5834

## NOTICE OF RIGHT TO CONSENT TO DISPOSITION OF A CIVIL CASE BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. § 636(c), you are hereby notified that, upon the consent of all the parties in a civil case, the Court may appoint a United States Magistrate Judge of this District, who is specially certified to conduct any or all proceedings, including trial of and the entry of a final judgment. A copy of the appropriate consent form is attached.

You should be aware that your decision to consent, or not to consent, to the disposition of your case before a United States Magistrate Judge is entirely voluntary and should be communicated to the Clerk of the Court. Only if all the parties to the case consent to the reference to a Magistrate Judge will either the District Judge or Magistrate Judge to whom the case has been assigned be informed of your decision. Neither a District Judge nor a Magistrate Judge will attempt to persuade or induce any party to consent to the reference of this case to a Magistrate Judge.

JOHN M. WATERS
CLERK OF COURT

◎AO 85 (Rev. 8/98) Notice, Consent, and Order of Reference — Exercise of Jurisdiction by a United States Magistrate Judge

# UNITED STATES DISTRICT COURT

_____ District of _____

_____  
Plaintiff  
V.  

Defendant  

NOTICE, CONSENT, AND ORDER OF REFERENCE —
EXERCISE OF JURISDICTION BY A UNITED STATES
MAGISTRATE JUDGE

Case Number:

### NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

### CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

### ORDER OF REFERENCE

IT IS ORDERED that this case be referred to _____ United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

_____  _____  
Date            United States District Judge

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT <u>ONLY IF</u> ALL PARTIES HAVE CONSENTED <u>ON THIS FORM</u> TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.